HEDWIG RIDDER and Others, as Trustees under Deed of Trust Made by AMALIA JAEGER, Appellants, *v.* THE MUTUAL PAPER CO., INC., Respondent.

Supreme Court, Appellate Term, First Department, December 3, 1925.

**Landlord and tenant — action by tenants for breach of covenants in lease to keep premises in good order and repair — landlord bound by absolute obligation to put premises in repair — liability not limited by age and character of building — evidence establishing necessity for repairs and damages — tenants entitled to directed verdict.**

In an action by tenants for breach of covenants in a lease to put and keep premises in good order and repair, said plaintiffs are entitled to a directed verdict, notwithstanding the fact that there was no testimony as to the age and character of the building, since the obligation in the lease was not limited by the original condition or age of the premises, but was a direct obligation upon the part of the landlord to put the premises in good repair.

The necessity for the expenditures made by the tenants was shown by photographic evidence of disrepair and damage, and moreover, the amount of damages was proved *prima facie* by the testimony of the contractor who made the repairs.

APPEAL by plaintiffs from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Sixth District, entered upon a directed verdict after a trial before a judge and jury.

*Smith, Townley & Chambers* [*Henry Siegrist* of counsel], for the appellants.

*Joseph A. Arnold* [*Matt Goldstein* of counsel], for the respondent.

PER CURIAM.   Plaintiffs sued for breach of covenants in a lease to *put* and keep the premises in good order and repair.   The defendant argues that even in such a contract the obligation of the lessee depends upon the age and character of the building and that since there was no testimony in that regard the verdict directed for the defendant was correct.   It seems to us, however, that the obligation was not limited by the original condition of the premises nor by their age but was a direct and absolute obligation to put the premises in good repair.   (*City of New York* v. *McCarthy,* 171 App. Div.

561.) The necessity for the expenditures is demonstrated by photographic evidence of great dilapidation and damage, and the amount of damage was proved *prima facie* by testimony of a contractor who repaired it.

Both sides moved for a directed verdict.

The judgment is, therefore, reversed, with $30 costs, and a verdict directed in favor of plaintiffs in the sum of $1,000, with costs.

All concur; present, GUY, BIJUR and MULLAN, JJ.